PARRO, J.
[^Defendant, Vernon A. Esteve, was charged by bill of information with one count of creation or operation of a clandestine laboratory for the unlawful manufacture of a controlled dangerous substance (methamphetamine), a violation of LSA-R.S. 40:983 (Count 1); one count of possession of a Schedule II controlled dangerous substance (methamphetamine), a violation of LSA-R.S. 40:967(0 (Count 2); and two *1060 counts of cruelty to a juvenile, violations of LSA-R.S. 14:93 (Counts 3 and 4). The state severed Counts 3 and 4, and it proceeded to trial against defendant on Counts 1 and 2 only. After a jury trial, defendant was found guilty as charged on both counts. The trial court denied defendant’s motions for new trial and post-verdict judgment of acquittal. For his conviction on Count 1, defendant was sentenced to fifteen years of imprisonment at hard labor. For his conviction on Count 2, defendant was sentenced to five years of imprisonment at hard labor. Defendant’s sentences were ordered to be served concurrently. The trial court denied defendant’s motion to reconsider his sentences. Defendant now appeals, alleging two assignments of error. For the following reasons, we affirm defendant’s convictions and sentences.

FACTS

On November 18, 2009, narcotics task force officers in Slidell received a tip from a Wal-Mart loss prevention officer that, based on the types of purchases some customers had made at his store, the customers might be involved in the production of methamphetamine. Based on that tip, Officer Christopher Comeaux, of the St. Tammany Parish Sheriffs Office, and Detective Brian Brown, of the Slidell Police Department, made visual contact with the vehicle that had been described to them by the loss prevention officer, and they followed it to a residence on Admiral Nelson Drive. As the suspect vehicle pulled up to the residence, the officers observed two white females and a juvenile exit the car and enter the house. They later observed a male subject wearing a black shirt and a baseball cap exit and reenter the house. Additionally, the officers saw one of the white females exit and reenter the house | ^several times with a young child. Based on the tip they had previously received, and out of concern for the child, the officers decided to conduct a knock and talk investigation at the residence.
The officers approached the small child who was playing in the front yard, and they asked him to get his mother, so that they could speak to her. The child retrieved his mother, Mary Boyd, from the residence, and the officers asked her to have all of the occupants of the residence step out into the front yard. Mary Boyd complied and retrieved Shawna Evans and defendant from the house. Officer Co-meaux also noticed another female, Barbara Carson,[1] walking from the garage area to the rear of the residence, and he ordered her to move to the front yard. The officers then conducted a security sweep of the residence, during which they encountered the man wearing the baseball cap, Warren Anthony, inside the garage. On his person, the officers discovered a pack of lithium batteries and $1196 in cash. After all the occupants of the house were secured, Detective Brown advised Officer Comeaux that he had witnessed something being tossed out of the rear of the residence as they waited for the occupants to exit. Detective Brown relocated to that area, and found a wadded-up ball of coffee filters that contained a white, powder-like substance that tested presumptively positive as methamphetamine.[2] Based on this evidence, the officers procured a search warrant for the residence.
During the subsequent search of the residence, narcotics agents recovered a Barq’s soda bottle containing a white liquid, a new-in-the-box blender, numerous pieces of aluminum foil, coffee filters, Liq *1061 uid Fire brand sulfuric acid, lithium batteries, and several containers of salt. Officer Comeaux testified at trial that these items are used as ingredients in the process of manufacturing methamphetamine. Based on the evidence discovered in the residence, all of the adult occupants were arrested and billed with creation or operation of a clandestine laboratory for the unlawful manufacture of a | controlled dangerous substance (methamphetamine) and possession of a Schedule II controlled dangerous substance (methamphetamine).

ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, defendant asserts that the trial court denied him his right to confront his accusers. Specifically, defendant argues that the trial court erred in allowing the state to admit into evidence pharmacy logs detailing defendant’s purchases of pseudoephedrine without requiring the state to show that the persons who created the documents were unable to testify.
At trial, the state called as witnesses Sherill Mills and James Williams. Ms. Mills and Mr. Williams are pharmacists at CVS pharmacies in Bogalusa and Frank-linton, respectively. Through their testimonies, the state introduced records of six purchases made by defendant of products containing pseudoephedrine within a three-and-one-half month period. Both Ms. Mills and Mr. Williams testified that these sales records for ephedrine and pseudoephedrine are made by the pharmacist or pharmacy technician who made the sale by scanning the purchaser’s state-issued identification into the store’s computer system at the time of the purchase. They testified that these records are made and kept pursuant to both store policy and federal law. Ms. Mills and Mr. Williams also both testified that these records are made and kept in the course of their regularly conducted business activities and that it was the practice of that business activity to make and keep these records. Finally, although neither Ms. Mills nor Mr. Williams were the individuals who conducted the transactions with defendant, both testified that they were persons qualified to have custody of these records by virtue of their respective employment statuses.
Defense counsel objected to the introduction of these records on the bases of hearsay and lack of foundation during the testimonies of both Ms. Mills and Mr. Williams. The trial court overruled these objections and allowed the records to be admitted under the business records exception to the hearsay rule, as set forth in LSA-C.E. art. 803(6). Thus, defendant never lodged a contemporaneous objection to the |Bconfrontation issue during the respective testimonies of Ms. Mills or Mr. Williams. See LSA-C.E. art. 103(A)(1); LSA-C.Cr.P. art. 841(A). However, after the testimony of Ms. Mills, the defendant did move for a mistrial on the basis that the pharmacy logs were admitted into evidence through her testimony even though she was “not the person who input these records into the computer.” This motion was denied. To the extent that defendant’s motion for a mistrial was sufficient to raise the confrontation issue, we will address the merits of defendant’s assignment of error.
We note first that the pharmacy records were properly admitted into evidence under the business records exception to the hearsay rule. See LSA-C.E. art. 803(6). The state, through the testimonies of Ms. Mills and Mr. Williams, demonstrated that: (1) the records were made at or near the time of the sales; (2) the records were made from information transmitted by a person with knowledge of the transactions; (3) the records were made and kept in the course of a regularly conducted business activity; (4) it was the *1062 regular practice of that business activity to make and keep such records; (5) the recorded information was furnished to the business by a person who was routinely acting for the business in reporting the information; and (6) neither sources of information nor the method or circumstances of preparation indicated a lack of trustworthiness. See State v. Juniors, 03-2425 (La.6/29/05), 915 So.2d 291, 326-27, cert. denied, 547 U.S. 1115, 126 S.Ct. 1940, 164 L.Ed.2d 669 (2006). Further, even though Ms. Mills and Mr. Williams were not the actual preparers of the pharmacy records, they were familiar with and able to testify from their personal knowledge about the record-keeping procedures of their respective pharmacies. See Juniors, 915 So.2d at 327. Thus, the pharmacy logs were properly admitted into evidence as exceptions to the hearsay rule.
Evidence admissible as a hearsay exception under LSA-C.E. art. 803(6) does not require a showing of the unavailability of the declarant for hearsay purposes because of the premise that the out-of-court statement is superior to what is likely to be produced in court. See State v. Marston, 00-0589 (La.3/16/01), 780 So.2d 1058, 1063 (per curiam). Still, we must decide whether the introduction of these pharmacy records without testimony from the persons who created each individual record impinged upon defendant’s constitutional right to confront his accusers.
The Confrontation Clause of the Sixth Amendment provides: “[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.... ” U.S. Const. amend. VI. In Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court overruled Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Under Roberts, 448 U.S. at 66, 100 S.Ct. at 2539, the Confrontation Clause did not bar admission of an unavailable declarant’s statement if the statement fell under a “firmly rooted hearsay exception” or bore “particularized guarantees of trustworthiness.” In Crawford, a new rule was announced when the Supreme Court held that out-of-court statements by witnesses that are testimonial are barred, under the Confrontation Clause, unless such witnesses are unavailable to testify and the defendant had had a prior opportunity to cross-examine the witnesses, regardless of whether such statements are deemed reliable by the court. Crawford, 541 U.S. at 53-54, 124 S.Ct. at 1365-66. In Davis v. Washington, 547 U.S. 813, 822, 126 S.Ct. 2266, 2273-74, 165 L.Ed.2d 224 (2006), the Supreme Court, in discussing the parameters of Crawford in the context of a police interrogation, held that statements are testimonial when the circumstances objectively indicate there is no ongoing emergency and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.
Documents kept in the regular course of business may ordinarily be admitted at trial despite their hearsay status. But that is not the case if the regularly conducted business activity is the production of evidence for use at trial. Melendez-Diaz v. Massachusetts, 557 U.S. 305, 321, 129 S.Ct. 2527, 2538, 174 L.Ed.2d 314 (2009). Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because— having been |7created for the administration of an entity’s affairs and not for the purpose of proving or establishing some fact at trial — they are not testimonial. Melendez-Diaz, 557 U.S. at 324, 129 S.Ct. at 2539-40.
Thus, in light of Melendez-Diaz, we find that it is necessary to address the nature *1063 of the regularly conducted business activity in this case in order to determine whether these pharmacy records were properly admitted without the need for confrontation. Further, we must determine whether the pharmacy records introduced in this case are testimonial, making their preparers subject to confrontation under the Sixth Amendment.[3]
At trial, both Ms. Mills and Mr. Williams testified that they are required to keep records pertaining to purchases of ephedrine and pseudoephedrine as a result of store policy and federal law.[4] According to Ms. Mills and Mr. Williams, these computer records check the purchaser’s ephedrine and pseudoephedrine transaction limits for each day and each month to inform the pharmacist or pharmacy technician whether the individual may continue with the transaction. Therefore, the primary purpose of this recordation and recordkeeping is not to establish or prove past events potentially relevant to later criminal prosecution, but to ensure that individual purchasers do not exceed daily or monthly purchasing limits for substances containing ephedrine or pseu-doephedrine. For that reason, we find that although these records might prove useful in a prosecution related to charges similar to those in this case, they were not created for the primary purpose of proving or establishing some fact at trial. Thus, we cannot say that the regularly conducted business activity in this case is the production of evidence for use at trial. Accordingly, these pharmacy records are non-testimonial, and as a result, the preparers of these records are not subject to confrontation under |8the Sixth Amendment and need not be subjected to cross-examination.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, defendant argues that the trial court erred in failing to properly advise him of the time delays for filing an application for post-conviction relief.
Our review of the sentencing transcript confirms that the trial court failed to advise defendant of the applicable prescriptive period for filing an application for postconviction relief. However, while LSA-C.Cr.P. art. 930.8(C) directs the trial court to inform the defendant of the two-year prescriptive period for applying for post-conviction relief at the time of sentencing, its failure to do so has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. This provision grants no remedy to an individual defendant who was not advised of the time limitations. State v. LeBoeuf, 06-0153 (La.App. 1st Cir. 9/15/06), 943 So.2d 1134, 1142-43, writ denied, 06-2621 (La.8/15/07), 961 So.2d 1158. Moreover, as defendant has expressly raised this issue in this case, it is obvious that he currently has actual notice and knowledge of the correct prescriptive period or has the benefit of an attorney to provide him with such notice.
Considering the circumstances, we decline to remand this matter for resentenc-ing, although we have done so in the past *1064 in similar situations. Instead, out of an abundance of caution and in the interest of judicial economy, we hereby advise defendant that LSA-C.Cr.P. art. 930.8(A) generally provides that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of LSA-C.Cr.P. art. 914 or 922. See LeBoeuf, 943 So.2d at 1143.
For the foregoing reasons, we affirm defendant’s convictions and sentences.
CONVICTIONS AND SENTENCES AFFIRMED.

. Barbara Carson is also known as "Barbara Esteve.”

. At trial, the state and defense stipulated that methamphetamine was, in fact, present in these coffee filters.

. We note that the federal Second Circuit has held that, by their nature, statements properly admitted as business records cannot be testimonial. See United States v. Feliz, 467 F.3d 227, 233 (2d Cir.2006), cert. denied, Erbo v. U.S., 549 U.S. 1238, 127 S.Ct. 1323, 167 L.Ed.2d 132 (2007).

. We note that 21 C.F.R. § 1314.30 sets out the recordkeeping requirements for sales of packages containing more than 60 milligrams of pseudoephedrine.